**THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DORY JOHNSON, | ) | FILED: JANUARY 27, 2009 |
| | ) | 09CV530 |
| Plaintiff, | ) | JUDGE LINDBERG |
| | ) | MAGISTRATE JUDGE MASON |
| vs. | ) | No. |
| | ) | PH |
| DELANOR, KEMPER & ASSOCIATES, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, DORY JOHNSON ("Plaintiff"), by and through her attorneys,

KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, DELANOR,

KEMPER & ASSOCIATES ("Defendant"), alleges and affirmatively states as follows:

**INTRODUCTION**

1.    Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices

Act, *15 U.S.C. 1692 et seq.* (FDCPA)

**JURISDICTION AND VENUE**

2.    Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that

such actions may be brought and heard before "any appropriate United States district court

without regard to the amount in controversy."

3.    Because Defendant maintains a business office and conducts business in the state

of Illinois, personal jurisdiction is established.

4.    Venue is proper pursuant to 28 U.S.C. 1391(b)(1).

5.    Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

6.      Plaintiff is a natural person who resides in the City of Chicago, County of Cook, State of Illinois.

7.      Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8.      Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9.      Plaintiff is informed and believes, that Defendant is a company with a business office in the City of Atlanta, County of Fulton, State ofGeorgia.

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11.     Defendant has been placing collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12.     Defendant would place calls to Plaintiff from a blocked caller ID.

13.     Defendant was abusive when speaking to Plaintiff.

14.     Plaintiff requested that Plaintiff stop contacting her.

15.     Defendant continued to place collection calls to Plaintiff after her request.

16.     Defendant informed Plaintiff that it was calling from the fraud department and investigating a fraud matter.

17.     Defendant implied that it was calling from a law firm.

VERIFIED COMPLAINT                                                                    2

18.     Defendant failed to mail a written letter describing Plaintiff's rights with respect to the debt in controversy within five (5) days after Defendant's initial communication with Plaintiff.

19.     Defendant continuously failed to properly identify itself as a debt collector and failed to mention that all information would be used for that purpose.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT,**
**(FDCPA), 15 U.S.C. § 1692 et seq.**

20.     Defendant violated the FDCPA.  Defendant's violations include, but are not limited to the following:

a)     Defendant violated §1692d(2) of the FDCPA by using language the natural consequence of which is to abuse Plaintiff because Defendant was abusive when speaking to Plaintiff.

b)     Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of Defendant's identity.

c)     Defendant violated §1692e(2)(A) of the FDCPA by falsely representing the legal status of the debt because Defendant implied the alleged failure to pay the debt was a fraud matter.

d)     Defendant violated §1692e(3) of the FDCPA by falsely implying its communications was coming from an attorney.

e)     Defendant violated §1692e(4) of the FDCPA by implying nonpayment would result in arrest because Defendant implied the alleged failure to pay the debt was a fraud matter.

VERIFIED COMPLAINT                    3

f)   Defendant violated §1692e(7) of the FDCPA by implying that Plaintiff committed a crime because Defendant stated it was calling from the fraud department and investigating a fraud matter.

g)   Defendant violated §1692e(10) of the FDCPA by using deceptive means to collect a debt because Defendant failed to properly disclose itself, implied it was a law firm and implied the nonpayment was a fraud matter.

h)   Defendant violated §1692e(11) of the FDCPA by failing to disclose in communications that it was a debt collector attempting to collect on a debt and that all information would be used for that purpose.

g)   Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

VERIFIED COMPLAINT                                    4

21.     As a consequence of Defendant's foregoing actions, Plaintiff has suffered from emotional distress.  *See* Exhibit "A".

**WHEREFORE**, Plaintiff prays that judgment be entered against the Defendant for the following:

22. Declaratory judgment that the Defendant's conduct violated the FDCPA.

23. Actual damages.

24. Statutory damages pursuant to the FDCPA, 15 U.S.C. 1692k.

25. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

26. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,


By:   /s/ Adam T. Hill_____
[ ] Adam T. Hill
Attorney for Plaintiff
Krohn & Moss, Ltd.
120 W. Madison St., 10th Fl.
Chicago, IL 60602
ahill@consumerlawcenter.com
T: (312) 578-9428
F: (866) 802-0021


## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DORY JOHNSON, hereby demands trial by jury in this action.

VERIFIED COMPLAINT                                                      5

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ILLINOIS)

Plaintiff, DORY JOHNSON, says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, DORY JOHNSON, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 01-26-09

_____
DORY JOHNSON,
Plaintiff


VERIFIED COMPLAINT                                              6

# EXHIBIT A

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness     (YES)   NO
2. Fear of answering the telephone     (YES)   NO
3. Nervousness     (YES)   NO
4. Fear of answering the door     YES   NO
5. Embarrassment when speaking with family or friends     YES   NO
6. Depressions (sad, anxious, or "empty" moods)     (YES)   NO
7. Chest pains     YES   NO
8. Feelings of hopelessness, pessimism     YES   NO
9. Feelings of guilt, worthlessness, helplessness     YES   NO
10. Appetite and/or weight loss or overeating and weight gain     YES   NO
11. Thoughts of death, suicide or suicide attempts     YES   NO
12. Restlessness or irritability     (YES)   NO
13. Headache, nausea, chronic pain or fatigue     (YES)   NO
14. Negative impact on my job     YES   NO
15. Negative impact on my relationships     YES   NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: I also felt fear, anger, and irritable because of Karen Walker's abusive accusations of owing a debt of over 500.00 and not knowing who she really was and what company she really represented except that she was from some type of law firm and she being lawyer investigating fraud from the fraud department.

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 01-26-09

_____
Ms Dory Johnson
Signed Name

_____
Dory Johnson
Printed Name